UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARY ALAN MILLER, Individually and for Others Similarly Situated, | § § § § § | |
| Plaintiffs, | | |
| v. | § § | CASE NO. 5:19-CV-1376 |
| HEB GROCERY COMPANY, LP, | § § § § | |
| Defendant. | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### NATURE OF THE CASE

1. This is a collective action for unpaid overtime arising under The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

### SUMMARY

2. Plaintiff Gary Miller (Miller) was employed for over three years by Defendant, HEB Grocery Company, LP (H-E-B) as an artisan bread expert in the bakery department at the H-E-B Fry/Tuckerton location in Cypress, Texas.

3. Miller was a non-exempt employee as defined under the FLSA, and thus was entitled to overtime pay for all hours worked in excess of forty per work week.

4. Throughout his employment by H-E-B, Miller regularly worked in excess of 50 hours per week without being compensated for all the overtime to which he was entitled.

5. H-E-B knew or should have known that that Miller was working overtime without compensation, through HEB's employment of Miller's who was the manager of the bakery department at the Fry/Tuckerton location.

6. Following his termination from employment with H-E-B, Miller sought to be compensated by H-E-B for the overtime he had worked.

7. H-E-B investigated Miller's claim and acknowledged that he had indeed worked overtime regularly during the course of his employment at the Fry/Tuckerton location.

8. Despite this acknowledgment, H-E-B refused to compensate Miller for the full amount of overtime, liquidated damages, and other damages allowed under the Section 216(b) of the FLSA.

9. H-E-B's refusal to compensate Miller for all of the overtime, liquidated damages, and other damages allowed under the Section 216(b) of the FLSA, to which he was entitled, among other facts, reflects a common plan or policy to deny non-exempt H-E-B employees at the Fry/Tuckerton location their full rights under the FLSA.

10. Accordingly, Miller brings this action individually and on behalf of other similarly situated hourly H-E-B current and former employees who worked overtime and off-the-clock at the Fry/Tuckerton location within the past three years.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. H-E-B is headquartered in this District and this Division.

13. H-E-B employs a significant percentage of its workforce in this District and Division.

14. Many of the facts relevant to this collective action occurred here.

15. Venue is therefore proper in this District and Division.

## PARTIES

16. Miller worked for H-E-B as an artisan bread expert for over three years. The Fair Labor Standards Act Employment Services Consent signed by Plaintiff is attached hereto as Exhibit "A".

17. In this job, Miller prepared and topped a variety of freshly baked breads and pastries; assisted customers with product choices; organized the storage room, freezer, and production area; and assisted with inventory control, including loading, unloading, moving, and storing products.

18. Defendant, HEB GROCERY COMPANY, L.P., is a Texas Corporation doing business in Texas. Service may be had on Defendant's registered agent for service:

> Abel Martinez
> 646 South Flores Street
> San Antonio, Texas 78204

19. Miller, along with other similarly situated employees and former employees of H-E-B, routinely handled, used or worked with ingredients, supplies, consumer products and equipment that were produced for interstate commerce or actually traveled in interstate commerce.

20. H-E-B is a large regional grocery store chain with a gross volume of business in the billions of dollars for each of the last three years.

21. H-E-B is covered by the FLSA and has been covered for each of the last three years.

22. H-E-B is therefore obligated to pay its non-exempt employees overtime under the FLSA.

23. The "FLSA Class" is comprised of all non-exempt, hourly, H-E-B current and former employees at H-E-B's Fry/Tuckerton location who were denied overtime compensation by being required to work off-the-clock.

## FACTUAL ALLEGATIONS

24. H-E-B is a large regional grocery store with hundreds of stores in Texas and northeast New Mexico.

25. Miller worked for H-E-B at the Tuckerton/Fry location as an artisan bread expert from July 1, 2015 through December 26, 2018.

26. As an artisan bread expert, Miller prepared and topped a variety of freshly baked breads and pastries; assisted customers with product choices; organized the storage room, freezer, and production area; and assisted with inventory control, including loading, unloading, moving, and storing products.

27. Miller was one of H-E-B's non-exempt employees throughout the course of his employment.

28. H-E-B knew that Miller was a non-exempt employee entitled to overtime pay under the FLSA.

29. Throughout the course of his employment by H-E-B, Miller often worked more than 50 hours per week without receiving pay for overtime in accordance with the provisions of the FLSA.

30. H-E-B knew that Miller worked more than 40 hours per week in certain workweeks throughout the course of his employment.

31. H-E-B also knew that it was not paying Miller for overtime in accordance with the provisions of the FLSA during those certain workweeks in which he was working in excess of 40 hours.

32. Although Miller worked "off-the-clock" with the knowledge and approval of his H-E-B supervisor, other H-E-B records and testimony from H-E-B employees will indicate with reasonable certainty the amount of overtime Miller worked during the course of his employment by H-E-B.

33. On or about December 26, 2018, H-E-B terminated Miller's employment.

34. Upon being informed of his termination, or shortly thereafter, Miller contacted an H-E-B representative and asked to be compensated for the overtime hours he had worked during the course of his employment.

35. Upon receipt of Miller's request for overtime pay, H-E-B corporate personnel investigated Miller's claim that he had worked regularly in excess of 50 hours per week without being compensated in accordance with the overtime provisions of the FLSA.

36. As a result of that investigation, which included review of film obtained from on-site cameras at the Fry/Tuckerton location, H-E-B concluded that Miller, in fact, had regularly worked in excess of 50 hours weekly throughout the course of his employment with H-E-B.

37. H-E-B knew as a result of its investigation that it had denied Miller overtime pay to which he was entitled for a period of three years.

38. H-E-B also knew that such failure to pay overtime was a result of the company's willful decision to allow Miller to work "off the clock" throughout the course of his employment.

39. H-E-B paid Miller for only two years of his missing overtime.

40. H-E-B told Miller it would not compensate him for the third year of overtime because Texas law entitled him to only two years.

41. H-E-B did not pay Miller liquidated damages, or unpaid overtime for damages accrued in the third year of his employment.

42. H-E-B did not seek Court approval of any resolution, and Miller was not represented by any attorney during H-E-B's negotiation with Miller.

43. H-E-B applied the same policies and practices that allowed Miller to work overtime off-the-clock to all other hourly employees at the Fry/Tuckerton H-E-B location.

**COVERAGE UNDER THE FLSA**

44. At all times, H-E-B has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45. At all times, H-E-B has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

46. At all times, H-E-B has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). H-E-B has and has had employees engaged in commerce or in the production of goods for commerce, or employees routinely handled, used or worked with ingredients, supplies, consumer products and equipment that were produced for interstate commerce or actually traveled in interstate commerce.

47. H-E-B has had and has an annual gross volume of sales made or business done of at least $1,000,000.

48. At all times, Miller and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

## COLLECTIVE ACTION ALLEGATIONS

49. At all relevant times, H-E-B had a common plan or policy to deny its non-exempt employees at the Tuckerton/Fry location their just compensation under the overtime provisions of the FLSA.

50. Employees in the FLSA Class are similarly situated to Miller.

51. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C § 216(b).

52. Absent this action, many members of the FLSA Class will not obtain redress, and H-E-B will retain the proceeds of its FLSA violations.

## CAUSE OF ACTION – FLSA OVERTIME

53. H-E-B violated the FLSA by failing to pay Miller and the FLSA Class the entire amount of overtime plus liquidated damages to which they are entitled.

54. H-E-B's violation is willful.

55. H-E-B has a common plan or policy to deny its non-exempt employees at the Tuckerton/Fry location the entire amount of overtime to which they are entitled.

56. H-E-B owes Miller and the FLSA Class overtime wages equal to 1.5 times their regular rate of pay for each overtime hour worked during the last three years.

57. H-E-B owes Miller and the FLSA Class liquidated damages in addition to unpaid overtime wages.

58. Miller and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

59. Miller hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Miller, individually, and on behalf of the FLSA Class Members respectfully requests that this Court grant the following relief:

   a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members to permit them to join this action by filing written notice of consent;

   b. A judgment against H-E-B awarding Miller and the FLSA Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**THE HERRERA LAWI FIRM, INC.**
1800 West Commerce St.
San Antonio, TX 78207
Telephone: (210) 224-1054
Facsimile: (210) 228-0887

BY: /s/ FRANK HERRERA, JR.
FRANK HERRERA, JR.
State Bar No. 09531000
E-mail: fherrera@herreralaw.com
JAVIER L. HERRERA
State Bar No. 24075498
E-mail: javier@herreralaw.com
**ATTORNEYS-IN-CHARGE FOR PLAINTIFFS**